UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                **Hon. Hugh B. Scott**

                06CR327A

v.

                **DECISION
&
ORDER**

Bob Bishop,

           Defendant.

The defendant has filed an omnibus motion seeking the following relief: an audibility hearing regarding certain recordings; a motion to suppress an identification; a motion to dismiss based upon a violation of the Interstate Agreement on Detainers; a Bill of Particulars; disclosure of the identities of informants; discovery; disclosure of Brady material, disclosure of material under Rules 404, 608 and 609; Jencks Act material; active counsel participation in *voir dire*; ability to voir dire the government's expert outside the presence of the jury; production of grand jury transcripts; production of rough notes and production of government summaries.[1]

---

[1] The motions to suppress and to dismiss have not been perfected. The government has represented that there is no identification procedure to be suppressed. (Docket No. 14 at page 4). The defendant has not represented to the Court that, upon further investigation, that facts exist to support a claim that there has been a violation of the Interstate Agreement of Detainers Act in this case. These issues will be the subject of a separate Report & Recommendation.

1

**Background**

On September 27, 2006, a federal grand jury returned a three-count indictment charging the defendant with conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. 841(a)(1) and 846 [Count I]; and the unlawful possession of cocaine with the intent to distribute in violation of 21 U.S.C. 841(a)(1) on March 3, 2006 [Count II] and on March 26, 2006 [Count III].

**Brady & Jencks  Material**

The defendant has requested that the government disclose all materials potentially favorable to the defendants, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which he seeks to obtain. The government has represented that it is not in possession of any 'exculpatory' material within the contemplation of Brady, but does acknowledge its continuing duty under Brady to produce such material. (Docket No. 14 at page 12).

Neither the Supreme Court, nor the Second Circuit,[2] have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1 988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, balancing all of the above factors, the Court concludes that disclosure of such impeachment-Brady material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

4

With respect to material that would fall purely under the Jencks Act, such information is to be disclosed in compliance with the District Court's trial order.

### Rule 404 Evidence

The defendant requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The government has represented that it has produced all evidence in its possession relating to the defendant's prior "drug activity." (Docket No. 14 at page 15).

### Rule 608 & 609

With respect to the defendant's requests under Rules 608 and 609, the only notice requirement imposed by either rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he or she elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

### Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment, and upon the discovery and information already provided or promised in this case, the defendant has not demonstrated that a bill of particulars is required to protect him from double jeopardy or to enable him to adequately prepare a defense and avoid surprise at trial.

**Rule 16 Discovery**

The defendant seeks disclosure of various categories of discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Except as otherwise discussed herein, it appears that the government has provided, or agreed to provide the information sought in the respective requests to the extent it exists.

**Production of Recordings & Audibility Hearing**

Defendant Bishop seeks the production of recordings of intercepted conversations on which his voice is heard. Because the recordings would reveal the identity of an informant, the government proposes to provide the defendant with a transcript of the recordings.  A decision on the disclosure of an informant's identity entails "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro v. United States,  353 U.S. 53, 62 (1957). Striking a proper balance depends on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id.  In order to obtain a new trial on the ground that the government failed to disclose the identity of a confidential informant, a defendant "has the heavy burden of showing that disclosure [wa]s 'essential to the defense.'" United States v. Jimenez, 789 F.2d 167, 170 (2d Cir.1986) (quoting Scher v. United States, 305 U.S. 251, 254 (1938)). He must show more than simply that the informant was a participant in or witness to the crime charged, or that the informant might cast doubt on the general credibility of a government witness, United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.1988), cert. denied, 489 U.S. 1089 (1989); "[s]peculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden," United States v. Fields, 113 F.3d 313, 324 (2d Cir.), cert. denied, 522 U.S. 976 (1997).  See United States  v. Flaharty, 295 F.3d 182, 202 (2d. Cir. 2002).

In this case, the defendant argues that he already is aware of the identity of the informant. The defendant has not articulated the basis of this knowledge, but appears to have surmised the alleged identity of the informant based upon the underlying facts attendant to the criminal

charges filed in this case. The record does not reflect that the government has confirmed or denied the defendant's assumptions regarding the identity of the informant. In any event, the defendant argues that the informant "appears to be a criminal who uses or distributes controlled substances" and was "working in order to obtain leniency." These circumstances do not distinguish this case from the typical case involving confidential informants and do meet the burden set out in the Jimenez-Fields-Flaherty line of cases.

At this stage of the proceedings, a transcript of the recordings is sufficient to enable the defendant to properly prepare a defense. The government is directed to produce the transcripts as soon as practicable. Prior to trial, the District Court will issue an order relating to the production of these actual recordings as well as Jencks material and other matters relating to the trial. The defendant's ability to seek an audibility hearing regarding tape recordings the government intends to use at trial is preserved and may be exercised at that time. If, after having an opportunity to listen to any such recordings, defense counsel believes an audibility hearing is warranted, counsel is directed to notify the court so that such a hearing can be scheduled.

### Identity of Informants

Bishop seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Rule 16 does not require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d

137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).  The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense.   This request is denied.

### Rule 12 Notice

Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, the defendant has requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16.  The government's response includes a Rule 12 statement (Docket No. 14 at page 14).  The defendant has not represented to the Court that this notice is inadequate.

### Disclosure of Grand Jury Transcripts

The defendant also seeks disclosure of the grand jury transcripts.  There is a presumption that grand jury proceedings are lawful and regular, (United States v. Torres, 901 F.2d 205, 232 (2d Cir.) (quoting Hamling v. United States, 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 2918 n. 23, 41 L.Ed.2d 590 (1974), cert. denied, 498 U.S. 906, 111 S.Ct. 273, 112  L.Ed.2d 229 (1990)), and disclosure of grand jury proceedings is available only by order of the Court. (See  Fed.R.Crim.P. 6(e)). A party seeking disclosure of  grand jury proceedings bears the burden of establishing a "particularized need"  or "compelling necessity" for such disclosure which outweighs the policy of  grand jury secrecy.  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S.  211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979);  Pittsburgh Plate Glass Co. v.  United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959);  In re Rosahn, 671 F.2d 690, 695 (2d Cir.1982).

Unspecified allegations of impropriety or mere speculation are not sufficient to satisfy this heavy burden. United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19, 38 L.Ed.2d 561 (1974). Therefore, "review of grand jury minutes is rarely permitted without specific factual allegations of governmental misconduct." Torres, 901 F.2d at 233.

The defendant has not presented any particularized need or advanced any proof controverting the presumption of regularity in the grand jury proceedings in this case. This request is denied.

### Preservation of Evidence and Rough Notes

The defendant has requested the preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve such information.

### Government Summaries

The defendant has requested the right to inspect any summaries the government intends to use at trial in this matter. The government has responded that it has not yet determined whether it will use any such summaries at trial in this case. The government also represents that if it determines that such summaries will be used, they will disclose them as directed by the District Court's pretrial order in this matter. This response is sufficient.

**Active Voir Dire, Cross-Examination of Experts,**
**Limiting Cross-Examination, Hearsay**

The defendant has requested leave to cross-examine any expert government witnesses outside the presence of the jury, and to have an active role in the voir dire process. These issues are more appropriately determined by the District Court Judge presiding over the trial in this matter.

**Conclusion**

The omnibus motion (Docket No. 13) is granted in part and denied in part consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
November 16, 2007